**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK STRAUB,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CITY OF SPOKANE, a municipal corporation; DAVID CONDON, City of Spokane Mayor, in his individual and official capacity; NANCY ISSERLIS, City of Spokane City Attorney, in her individual and official capacity; THERESA SANDERS, City of Spokane City Administrator, in her individual and official capacity,<br><br>Defendants-Appellees. | No. 16-35545<br><br>D.C. No. 2:16-cv-00029-TOR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Argued and Submitted June 8, 2018
Seattle, Washington

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  BYBEE and N.R. SMITH, Circuit Judges, and HUCK,[**] District Judge.

Plaintiff Frank Straub appeals the district court's grant of summary judgment on his federal claims in favor of the City of Spokane and its officials ("Defendants").  He also appeals dismissal of his state-law contract claim.[1]  We have jurisdiction under 28 U.S.C. § 1291, and our review is de novo.  *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998).  We affirm.

**1.**     Straub claims that the press release and the lack of a *pre*-publication name-clearing hearing resulted in a reputational injury that violated his right to due process.  Although we usually "analyze a procedural due process claim in two steps," *Vasquez v. Rackauckas*, 734 F.3d 1025, 1042 (9th Cir. 2013), we will assume without deciding here that Straub's claim implicates a liberty interest.[2]  Our inquiry is therefore limited to whether he was afforded constitutionally-sufficient process.  *See id*.

As an initial matter, Straub erroneously argues that there is a bright-line rule that the government, in all circumstances, must afford the process due *before* it

---

[**]     The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

[1]  Straub has not appealed dismissal of his state-law tort claims.

[2]  It is undisputed that Straub was an at-will employee and therefore cannot assert a *property* interest in his former position.  *Brady v. Gebbie*, 859 F.2d 1543, 1547–48 (9th Cir. 1988).

deprives an individual of liberty or property. The Supreme "Court has recognized, on many occasions, that where a State must act quickly, or where it would be impractical to provide predeprivation process, postdeprivation process satisfies the requirements of the Due Process Clause." *Gilbert v. Homar*, 520 U.S. 924, 930 (1997). The Court has thus "rejected the proposition that [due process] *always* requires the State to provide a hearing prior to the initial deprivation . . . ." *Id.* (alteration in original) (quoting *Parratt v. Taylor*, 451 U.S. 527, 540 (1981)). Rather, "[t]o determine what process is due in an individual case—and if it is due before *or after* the deprivation of a constitutionally protected interest—a court must apply the" *Mathews* three-part balancing test. *Brady v. Gebbie*, 859 F.2d 1543, 1554 (9th Cir. 1988) (emphasis added) (citing *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976)).

Here, we find that the *timing* of the proposed name-clearing hearing satisfied due process. Straub certainly had an interest in holding such a hearing prior to the press release and the loss of his position. However, Defendants were removing the head of their police department—an important, high-profile position—and had a stronger interest in quickly executing that decision and communicating its rationale to the public. Indeed, if due process required a pre-deprivation hearing in such

circumstances, public employers would have an incentive to terminate at-will employees without public explanation.

Moreover, there is no merit to Straub's contention that Defendants have failed to establish that the proposed hearing's *content* would have been procedurally adequate. Defendants offered Straub a name-clearing hearing in writing on four occasions, and extended the opportunity, through counsel, to "discuss timing and appropriate process" for the hearing. The record is devoid of any indication that Straub ever sought to schedule the hearing or negotiate its content. We therefore find that Defendants did not violate Straub's right to due process.

2.     In any event, the individual defendants are entitled to qualified immunity. Straub has failed to cite any precedent that would have, "beyond debate," informed them that due process mandated a *pre*-deprivation hearing under these circumstances. *See Shinault v. Hawks*, 782 F.3d 1053, 1059 (9th Cir. 2015) ("Because the *Mathews* test 'boils down to an ad hoc balancing inquiry,' procedural due process requirements 'can rarely be considered clearly established at least in the absence of closely corresponding factual and legal precedent.'" (quoting *Brewster v. Bd. of Educ.*, 149 F.3d 971, 983 (9th Cir. 1998))).

**3.** Straub's *Monell* municipal liability claim against the City of Spokane is premised on his allegation that its executive officials—i.e., the individual defendants—violated his right to due process. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Because Straub failed to show that any of the individual defendants acted unconstitutionally, the district court properly granted summary judgment to the City.

**4.** Finally, the Washington Supreme Court has expressly "declined . . . to adopt the rule that an at will employment contract, oral or written, contains an implied covenant of good faith and fair dealing, and that a termination not made in good faith can constitute a breach of the contract." *Willis v. Champlain Cable Corp.*, 748 P.2d 621, 624 (Wash. 1988) (en banc); *see also Roe v. TeleTech Customer Care Mgmt. (Colorado) LLC*, 257 P.3d 586, 594–95 (Wash. 2011) (en banc). The district court therefore did not err in dismissing Straub's contract claim.

Accordingly, the district court's judgment is **AFFIRMED**.